UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*:

| | | |
|---|---|---|
| SHUUKU HENDERSON | : | CIVIL ACTION NO. 3:23-cv-00357 |
| | : | |
| V. | : | JURY TRIAL DEMANDED |
| | : | |
| WAL-MART REAL ESTATE BUSINESS | : | |
| TRUST AND WALMART INC. | : | MARCH 22, 2023 |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

The named defendants, Wal-Mart Real Estate Business Trust and Walmart Inc. ("Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C.A. § 1332(a) and § 1441, remove this action from the Superior Court, Judicial District of New Britain, in the State of Connecticut, to the United States District Court for the District of Connecticut and in support of which states as follows:

1.     The plaintiff, Shuuku Henderson ("Plaintiff"), commenced an action by service of process against the Defendant in state court entitled, *Shuuku Henderson v. Walmart Real Estate Business Trust Et Al*, Docket No. HHB-CV23-6077719-S and returnable to the Superior Court, Judicial District of New Britain.  A copy of the referenced Summons and Complaint are attached hereto as **Exhibit A.**

2.     This Notice of Removal is timely and filed with this Court within thirty (30) days after receipt by Defendants of the initial pleadings setting forth the claims for relief upon which this action is based. The Defendants were served on February 23, 2023.

- 1 -

3. The Complaint alleges a negligence action against the Defendants and seeks unspecified damages. However, the Plaintiff alleges the following injuries and damages:

    a. Bilateral knee contusion and pain;

    b. Hip contusion and pain;

    c. Bilateral shoulder pain;

    d. Cervical permanent partial disability of nine percent;

    e. Lumbar permanent partial disability of seven percent;

    f. Thoracic permanent partial disability of fifteen percent;

    g. Associated pain and suffering.

See Exhibit A, at ¶ 8. The Plaintiff alleges that all of the above injuries are or may be permanent in nature. Id. at ¶ 9. The Plaintiff further alleges that he "has incurred and may continue to incur expenses for medical care and treatment." Id. at ¶ 10. The Plaintiff also alleges that his "ability to enjoy life's offerings has been restricted and may so be affected for the remainder of his life." Id. at ¶ 11. By letter dated March 7, 2022, Plaintiff's counsel stated that Mr. Henderson sustained a cervical spine impairment of 9%, a thoracic spine impairment of 15%, and a lumbar spine impairment of 7% as a result of the incident alleged in the Complaint. Plaintiff also demanded $100,000. Based upon the foregoing, the damages claimed in this case exceed $75,000.

4. According to the Summons filed by the Plaintiff, he resides in Newington, Connecticut and, accordingly, is a citizen of the State of Connecticut.

5. Wal-Mart Real Estate Business Trust is a nongovernmental entity, specifically a foreign business trust organized under the laws of the state of Delaware with a principal place of business in Bentonville, Arkansas. Walmart Inc. is a Delaware corporation with a principal place of

business in Bentonville, Arkansas. Thus, no defendant is a citizen of Connecticut. Accordingly, there is complete diversity of citizenship between the Plaintiff and the Defendants.

      6.      The above-entitled action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and thus may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1441.

      7.      This action is removable pursuant to the provisions of 28 U.S.C. § 1441 because this is a civil action wherein the amount in controversy exceeds the sum of or the value of $75,000.00 exclusive of interest and costs, and Plaintiff and Defendants are citizens of different states.

Dated this 22nd day of March, 2023.

                                               THE DEFENDANTS

                                      By:    /s/ George C. Springer, Jr.
                                                George C. Springer, Jr. [ct03263]
                                                Austin K. Moran [ct31252]
                                                Rogin Nassau LLC
                                                185 Asylum Street, 22nd Floor
                                                Hartford, CT 06103-3460
                                                Tel: (860) 256-6380
                                                Fax: (860) 278-2179
                                                E-mail: gspringer@roginlaw.com

**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was served electronically this 22nd day of March 2023 and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

William C. Rivera, Esq.
The Rivera Law Group, LLC
17 Walnut Street
New Britain, CT 06051
trlg.personalinjury@gmail.com

                                        /s/ George C. Springer, Jr.
                                        George C. Springer, Jr. [ct03263]

# EXHIBIT A

| | | |
|---|---|---|
| RETURN DATE: March 28, 2023 | : | SUPERIOR COURT |
| Shuuku Henderson | : | J.D. OF NEW BRITAIN |
| V. | : | AT NEW BRITAIN |
| Walmart Real Estate Business Trust, Et Al | : | February 22, 2023 |

## COMPLAINT

Count One

1.  At all times relevant hereto, the Defendant, Walmart Real Estate Business Trust, (hereinafter referred to as "Defendant"), was the Owner and/or was in possession and control of the real property located at 495 Flatbush avenue, Hartford, Connecticut (hereinafter referred to as "Premises").

2.  On May 9 2021, at approximately 2:51pm, the Plaintiff, Shuuku Henderson (hereinafter referred to as "Plaintiff"), was a patron at said Premises.

3.  On said date and at said time and place, the Defendant was under a duty to maintain the Premises in a reasonably safe condition.

4.  The front of bathroom exit of said Premises was at the time in question and for an unreasonable period of time prior thereto, in a defective and dangerous condition in that there was a soapy substance clear in the front exit of said bathroom where customers walked.

5. On or about the above date and time, the Defendant and/or an agent, servant or employee of the Defendant knew or should have known of the defective condition of said entrance but failed to remedy the same.

6. On or about the above date, time and place, the Plaintiff was caused to slip and fall on the soapy substance clear on said Premises.

7. The Plaintiff's fall was the direct and proximate result of the carelessness and negligence of the Defendant in one or more of the following ways:

   a. In that the Defendant failed to clean up the front entrance to ensure that it was safe for the plaintiff to walk;

   b. In that the Defendant failed to inspect said Premises for the aforesaid defect within the area traveled by patrons;

   c. In that the Defendant failed to remedy the dangerous conditions when the same was reasonably necessary under the circumstances;

   d. In that the Defendant knew or in the exercise of reasonable care should have known of these dangerous and defective conditions and should have taken measures to remedy and correct them, but failed to do so;

   e. In that the Defendant failed to erect or maintain proper safeguards, warning signs, railings, or failed to otherwise warn the Plaintiff of the aforesaid dangerous conditions; and

   f. In that the front of the bathroom exit of said Premises was not reasonably safe for the uses and purposes intended.

8. As a direct and proximate result of the carelessness and negligence of the Defendant,

as aforesaid, the Plaintiff suffered from the following injuries:

    a.    Both Knee contusion and pain;

    b.    Hip contusion and pain;

    c.    Both shoulder pain, and;

    d.    Cervical permanent partial disability Nine percent and

    e.    Lumbar permanent partial disability Seven percent and

    f.    Thoracic permanent partial disability Fifteen percent and

    d.    Associated pain and suffering.

9.    All of the aforesaid injuries are or may be permanent in nature.

10.    As a further direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiff has incurred and may continue to incur expenses for medical care and treatment.

11.    As a further direct and proximate result of the carelessness and negligence of the Defendant, as aforesaid, the Plaintiff's ability to enjoy life's offerings has been restricted and may so be affected for the remainder of his life.

**Count Two**

1.    At all times relevant hereto, the Defendant, Walmart Inc., (hereinafter referred to as

"Defendant"), was the Owner and/or was in possession and control of the real property located at 495 Flatbush avenue, Hartford, Connecticut (hereinafter referred to as "Premises").

2.  On May 9 2021, at approximately 2:51pm, the Plaintiff, Shuuku Henderson (hereinafter referred to as "Plaintiff"), was a patron at said Premises.

3.  On said date and at said time and place, the Defendant was under a duty to maintain the Premises in a reasonably safe condition.

4.  The front of bathroom exit of said Premises was at the time in question and for an unreasonable period of time prior thereto, in a defective and dangerous condition in that there was a soapy substance clear in the front exit of said bathroom where customers walked.

5.  On or about the above date and time, the Defendant and/or an agent, servant or employee of the Defendant knew or should have known of the defective condition of said entrance but failed to remedy the same.

6.  On or about the above date, time and place, the Plaintiff was caused to slip and fall on the soapy substance clear on said Premises.

7.  The Plaintiff's fall was the direct and proximate result of the carelessness and negligence of the Defendant in one or more of the following ways:

a.  In that the Defendant failed to clean up the front entrance to ensure that it was safe for the plaintiff to walk;

b.  In that the Defendant failed to inspect said Premises for the aforesaid defect within the area traveled by patrons;

c.  In that the Defendant failed to remedy the dangerous conditions when the same was reasonably necessary under the circumstances;

d.  In that the Defendant knew or in the exercise of reasonable care should have known of these dangerous and defective conditions and should have taken measures to remedy and correct them, but failed to do so;

e.  In that the Defendant failed to erect or maintain proper safeguards, warning signs, railings, or failed to otherwise warn the Plaintiff of the aforesaid dangerous conditions; and

f.  In that the front of the bathroom exit of said Premises was not reasonably safe for the uses and purposes intended.

8.  As a direct and proximate result of the carelessness and negligence of the Defendant, as aforesaid, the Plaintiff suffered from the following injuries:

a.  Both Knee contusion and pain;

b.  Hip contusion and pain;

c.  Both shoulder pain, and;

d.  Cervical permanent partial disability Nine percent and

e.  Lumbar permanent partial disability Seven percent and

 f.  Thoracic permanent partial disability Fifteen percent and

 d.  Associated pain and suffering.

9.  All of the aforesaid injuries are or may be permanent in nature.

10.  As a further direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiff has incurred and may continue to incur expenses for medical care and treatment.

11.  As a further direct and proximate result of the carelessness and negligence of the Defendant, as aforesaid, the Plaintiff's ability to enjoy life's offerings has been restricted and may so be affected for the remainder of his life.

*WHEREFORE,* the Plaintiff claims:

a. money damages;

b. costs of this action as allowed by law; and

c. such other relief as the Court deems just and proper.

THE PLAINTIFF,

By ___402099___
William C. Rivera
The Rivera Law Group, LLC
17 Walnut Street
New Britain, CT 06051
Tel: (860) 223-6699 Fax: (860) 223-0706
Juris No. 431600

| | | |
|---|---|---|
| RETURN DATE: March 28, 2023 | : | SUPERIOR COURT |
| Shuuku Henderson | : | J.D. OF NEW BRITAIN |
| V. | : | AT NEW BRITAIN |
| Walmart Real Estate Business Trust, Et Al | : | February 22, 2023 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is in excess of FIFTEEN THOUSAND and NO/100 ($15,000.00) DOLLARS, exclusive of costs and interest.

THE PLAINTIFF,

By ___402099___
William C. Rivera
The Rivera Law Group, LLC
17 Walnut Street
New Britain, CT 06051
Tel: (860) 223 6699 Fax: (860) 223-0706
Juris No. 431600